[No. 13840. Department Two. October 13, 1917.]

JENNIE BROWN, *Respondent*, v. LETTA J. DAVIS *et al.*, *Appellants*.[1]

HUSBAND AND WIFE — CONVEYANCES BETWEEN — SEPARATE PROPERTY. Property acquired by a man before marriage, which he afterwards deeded to his wife, and which she the next day deeded back to him, is his separate property, under Rem. Code, § 8766, providing that every deed made from husband to wife or from wife to husband shall operate to divest the real estate from any and every claim as community property.

WITNESSES—COMPETENCY—TRANSACTIONS WITH PERSON SINCE DECEASED. A widow, defending an action to quiet title in a fiduciary capacity, but who claims a one-half interest in the property as community property, is incompetent to testify as to any transaction had with her deceased husband, under Rem. Code, § 1211, providing that a party in interest shall not be admitted to testify in his own behalf as to such transaction, but that the exclusion shall not apply to persons defending in a representative capacity who have no

---

[1]Reported in 167 Pac. 1095.

other or further interest in the action; as she had such other and further interest.

DEEDS—CONSIDERATION—LOVE AND AFFECTION—TITLE. A conveyance to the grantor's sister, in consideration of $10 and love and affection, and care and assistance to be given to grantor's child, conveys the absolute title, and was not a deed in trust for the child, the deed having been made shortly before the grantor's death with the evident purpose of enabling the sister to care for the child.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered June 20, 1916, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Chas. W. Johnson,* for appellants.

*Moulton & Jeffrey,* for respondent.

MOUNT, J.—This appeal is from a judgment of the lower court quieting title in the respondent to lot 6, block 14, Northern Pacific Railroad Company's plat of Pasco. The defendants have appealed.

The facts are as follows: The respondent is the sister of Walter M. Davis, deceased. The appellant Letta J. Davis was the wife, and Pauline Davis the minor child, of Walter M. Davis, deceased. Appellant H. W. Hull is the administrator of the estate of the deceased. Walter M. Davis acquired the lot above described on May 11, 1910. He was married to Letta J. Davis on July 11, 1911. On July 15, 1914, he conveyed the property to his wife, and on the next day she reconveyed the property to her husband. In the summer of 1914, Mr. Davis became seriously ill and was taken to the hospital at Tacoma, as an employee of the Northern Pacific Railway Company, suffering from what developed to be pulmonary tuberculosis. While in the hospital at Tacoma, on the 2d day of September, 1914, Mr. Davis executed a deed to the lot in question to his sister, the respondent. Mrs. Davis did not sign the deed. This deed recited the consideration as follows:

"... in consideration of ten dollars and love and affection and care and assistance to be given my child Pauline Davis ... ."

The deed was delivered and the money consideration paid at that time. On the same day, Mr. Davis executed a will by which he left the rest of his property to his wife and child. The will contained this recitation:

"I have disposed of lot 6, block 14, Northern Pacific Railroad Company's plat of Pasco by deed this day, same being my separate property."

Shortly after this deed and will were executed, Mr. Davis was taken to Denver, Colorado, where he died on or about the 24th day of October, 1914. Thereafter the will was admitted to probate in the state of Colorado. Respondent was appointed guardian of the child. Afterwards, an administrator was appointed in this state, and Mrs. Davis and the administrator claimed this property as a part of the estate. Thereafter this action was brought to quiet title in the respondent.

It is argued by the appellants that, because the deed from Walter M. Davis to the respondent was not signed by Letta J. Davis, it was void, because the property was community property. It is apparent from the statement above made that this property was the separate property of the grantor. It was acquired by him before marriage to the appellant Letta J. Davis. After marriage it was conveyed to her, and on the next day she conveyed the property back to him.

The statute (Rem. Code, § 8766) provides that every deed made from husband to wife, or from wife to husband, shall operate to divest the real estate therein recited from any or every claim or demand as community property, and shall vest the same in the grantee as separate property.

In *Shorett v. Signor*, 58 Wash. 89, 107 Pac. 1033, in referring to this statute, we said:

"The legal effect of a deed from one member of a marital community to the other is to convey the community property and title to the spouse who is the vendee, so that it becomes, or is converted into, his or her separate property, in which the community as such ceases to have any further title or interest."

So that, aside from the fact that the property was acquired before marriage, which made it separate property, the effect of the deed from his wife to Mr. Davis made the property his separate property, and it was therefore unnecessary for his wife to join in the deed.

At the trial the appellants sought to prove by Mrs. Davis that the conveyance from her to her husband was without consideration, was executed for business purposes, and was not intended to change the estate from community to separate property. The court excluded this evidence. The appellants insist that this was error. The statute (Rem. Code, § 1211) provides that, in an action or proceeding where a party sues or defends as executor, administrator, or legal representative of any deceased person, or as deriving right or title by, through, or from any deceased person, etc., then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him by, any such deceased person:

"Provided further, that this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and who have no other or further interest in the action."

In this case, Mrs. Davis, while defending in a fiduciary capacity, has a further interest. She is claiming a one-half interest in the property as community property of herself and her deceased husband. It is clear, therefore, under the statute, that she was not competent to testify.

Appellants further contend that there is sufficient in the record to show that the property was community property,

because a Mr. Brown, the husband of the respondent, testi-
fied as follows concerning a conversation which occurred be-
tween Mrs. Brown, Walter M. Davis, and the attorney who
prepared the deed:

"A. He (the attorney) told us how the property was
going and that Mrs. Brown objected to it. Q. What feature
did she object to? A. She had no right to the property
that they had both worked for. Q. Did she so express her-
self? A. Yes, sir. Q. When you say the 'property they
had both worked for,' whom do you mean? A. The property
accumulated after their marriage. Q. Whose marriage?
A. Mr. Davis and Letta Davis."

This lot was not the only real estate possessed by the
deceased and his wife, and this witness clearly did not refer
to the property in question here, because he says that he
referred to the property accumulated after their marriage.
There is no evidence in this record which indicates that this
property was not the separate property of Mr. Davis. All
the evidence shows that it was his separate property.

It is next argued that the property involved in this action
is held in trust for the minor, Pauline Davis. If this point
may be conceded, it does not follow that the judgment quiet-
ing title in the respondent was erroneous. The consideration
for the conveyance to the respondent was:

"Ten dollars and love and affection and care and assist-
ance to be given my child Pauline Davis."

We have no doubt that it was the intention of the grantor
to convey the property to his sister, the respondent, to be
dealt with as her own property, and that the proceeds thereof,
or at least a portion of the same, would be devoted by his
sister to the care of his child as she deemed necessary. There
is no evidence in this record which even tends to show that
she has refused to give care and assistance to the child. In
fact, the record shows that, upon the death of Mr. Davis,
the respondent at once applied to be, and was, appointed the
legal guardian of the child, and it is not even claimed, as we

read the record, that she has refused to give care and assistance to the child.    The record shows without dispute that Mr. Davis, when he made his will, and when he made this deed, was in his normal mental condition, that he consulted an attorney, who prepared the deed and will as desired by him, and that he intended this deed to convey to the respondent the absolute title to this lot, that she might be aided thereby in her efforts to watch over the child and make such suitable provision for it as the property justified and as she was able to do.

We find no error in the record, and the judgment appealed from is therefore affirmed.

ELLIS, C. J., PARKER, HOLCOMB, and FULLERTON, JJ., concur.